IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.              **Criminal Action No. 2:92CR37**
                 (Judge Kleeh)

**ROGER LEE SMITH,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE [ECF NOS. 23, 24, 30]**

Pending are the motions for compassionate release filed by the defendant, Roger Lee Smith ("Smith"), pursuant to 18 U.S.C. § 3582(c)(1)(A) [ECF Nos. 23, 24, 30]. For the reasons that follow, the Court **DENIES** his motions.

### I. BACKGROUND

On June 21, 1990, Smith and several accomplices committed armed robbery of a bank in Doddridge County, West Virginia. On June 30, 1990, he and one accomplice returned to the bank and again attempted to rob it. Smith was thereafter charged, by Information, with two counts of using a firearm in relation to a violent felony, in violation of 18 U.S.C. § 924(c) [ECF No. 22 at 2]. Count One related to June 21, 1990-armed robbery and Count Two related to the June 30, 1990-attempted armed robbery. Id.

USA V. SMITH                                                    2:92CR37

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE [ECF NOS. 23, 24, 30]**

Smith pleaded guilty to the Information, and, on July 14, 1992, the Court sentenced him to five (5) years of imprisonment on Count One and twenty (20) years of imprisonment on Count Two, to be served consecutively.  The Court also ordered his sentence to run consecutive to the 100-year sentence imposed by a West Virginia court for unrelated crimes.[1]  Smith completed his state sentence and came into federal custody in September 2017.[2]  He is currently incarcerated at Federal Correctional Institute Fort Dix ("FCI Fort Dix") and, with the inclusion of good conduct credit, has a projected release date of January 21, 2037.[3]

On February 3, 2020, Smith filed a motion to reduce his sentence on Count Two from twenty (20) years of imprisonment to five (5) years of imprisonment, the sentence he would have received if convicted today [ECF No. 23].  Due to subsequent changes in the law, Smith's § 924(c) convictions would no longer be "stacked," and his sentencing exposure would be dramatically reduced. Id. According to Smith, this disparity between the sentence he received

---

[1] On June 17, 1990, Smith robbed a church congregation at gunpoint and was subsequently charged with twenty-four (24) counts of armed robbery in the Circuit Court of Barbour County, West Virginia.  After he pleaded guilty to one count of armed robbery, the state court sentenced him to 100 years of incarceration.

[2] Smith received parole based on the federal detainer in this case and his completion of required risk reducing programs, prolonged positive behavior, institutional progress, and acceptance of responsibility [ECF No. 31-2 at 10].

[3] See Federal Bureau of Prisons, Inmate Locator https://www.bop.gov/inmateloc/ (results for register number 02168-087) (last visited March 27, 2023).

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE [ECF NOS. 23, 24, 30]**

in 1992 and the sentence he would receive today is an extraordinary and compelling reason to reduce his sentence on Count Two.  Id. On June 23, 2020, Smith supplemented his motion for compassionate release, arguing that the COVID-19 pandemic, in combination with his pre-existing medical conditions and the conditions of confinement within the BOP, also constituted an extraordinary and compelling reason for his release [ECF No. 24].  The Government opposes Smith's motion on the basis that he remains a danger to the community and the § 3553(a) factors weigh against any reduction of his sentence [ECF No. 28].

## II.  APPLICABLE LAW

After imposing a term of imprisonment, a court may only modify its sentence in limited circumstances.  See United States v. McCoy, 981 F.3d 271 (4th Cir. 2020).  One of these circumstances, compassionate release pursuant to 18 U.S.C. § 3582, permits courts to "reduce the term of imprisonment after making a 'three-step inquiry'": (1) has a defendant exhausted all administrative remedies; (2) does an extraordinary and compelling reason for a sentence reduction exist; and (3) is a sentence reduction consistent with all relevant sentencing factors listed in 18 U.S.C. § 3553(a)?  See United States v. High, 997 F.3d 181, 185-86 (4th Cir. 2021).

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE [ECF NOS. 23, 24, 30]**

### III. DISCUSSION

**A.   Administrative Exhaustion**

A defendant who moves for compassionate release must "exhaust his remedies with his warden and the BOP before filing his own motion for compassionate release." McCoy, 981 F.3d at 283. This non-jurisdictional requirement is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on [his] behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of [his] initial request to file a motion in the district court." United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021).

On May 14, 2020, Smith submitted an administrative request for compassionate release, which the Warden at USP Atwater denied on May 26, 2020 [ECF No. 28-1]. With that, the parties agree that Smith has satisfied the administrative exhaustion requirement of § 3582(c)(1)(A).

**B.   Extraordinary and Compelling Reasons**

Title 18 U.S.C. Section 3582 does not define the term "extraordinary and compelling" but instead requires that any sentence reduction be consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C.

§ 3582(c)(1)(A)(ii); 28 U.S.C. § 944(t) (directing the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction"). In <u>United States v. McCoy</u>, however, the Fourth Circuit observed that "[t]here is as of now no applicable policy statement governing compassionate-release motions filed by defendants under the recently amended 18 U.S.C. § 3582(c)(1)(A)." 981 F.3d at 284 (internal quotation omitted). Thus, "district courts are empowered . . . to consider <u>any</u> extraordinary and compelling reason for release that a defendant might raise," but the policy statements "remain[] helpful guidance." <u>Id.</u> at 282 n.7 (emphasis in original).

   1.   **Sentencing Disparity**

Smith contends that the disparity between the sentence he received on Count Two in 1992 and the sentence he would receive for the same crime today constitutes an extraordinary and compelling reason for reducing his sentence. Smith was convicted of two § 924(c) offenses. In 1992, that statute required the Court to impose the following consecutive, mandatory sentences for his offenses: a five (5) year sentence for his first offense (Count One) and a Twenty (20) year sentence for his second offense (Count Two). But the First Step Act of 2018 ended this practice known as "stacking." <u>McCoy</u>, 981 F.3d at 275. Now, the more severe consecutive mandatory minimum for a subsequent § 924(c) conviction

5

does not apply to "multiple § 924(c) convictions obtained in a single prosecution." United States v. Jordan, 952 F.3d 160, 171 (4th Cir. 2020). But this change in the law is not retroactive. Id. at 174.

Had Smith been convicted today, his two § 924(c) offenses would not have been stacked, reducing his sentencing exposure on Count Two to five (5) years of imprisonment. Nevertheless, the Court declines Smith's invitation to find that his sentence should be reduced based on the amendments to § 924(c). Congress specifically declined to make the changes retroactive. Even if the Court were to consider the changes to § 924(c) and apply them to Smith, they would not overcome its finding that § 3553(a) factors weigh against a sentence reduction.

## 2. COVID-19

Smith also argues that the environment in the BOP during the COVID-19 pandemic, when considered in combination with his preexisting medical conditions, constitutes an extraordinary and compelling reason to modify his term of imprisonment [ECF Nos. 34, 30]. Upon careful review, the Court respectfully disagrees.

"The mere existence of COVID-19 in a society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the BOP's statutory role, and its extensive and

professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Significantly, this is so even if the facility where the inmate is incarcerated has experienced an outbreak of COVID-19. United States v. Williams, 2020 WL 5097490, at *3 (M.D.N.C. Aug. 28, 2020) (collecting cases). Nevertheless, an inmate's particularized susceptibility to COVID-19, and a particularized risk of contracting the virus at his prison facility, may constitute an extraordinary and compelling reason justifying compassionate release. United States v. Colleton, 2022 WL 18500, at *1 (4th Cir. Jan. 3, 2022) (citing United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020). In determining whether an inmate is particularly susceptible to COVID-19, courts rely on risk factors identified by the Centers for Disease Control and Prevention ("CDC") to assess whether he has medical conditions which place him at an increased risk of severe illness from the virus. Petway, 2022 WL 168577, at *3; United States v. Johnson, 858 Fed. App'x 682 (4th Cir. 2021).

Smith asserts that his preexisting medical conditions of asthma and hypertension increase his COVID-19 related risk. According to the CDC, moderate to severe asthma and hypertension "might" increase an individual's risk of severe COVID-19 related

7

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE [ECF NOS. 23, 24, 30]**

illness.[4]  But even if Smith's medical conditions might increase his susceptibility to COVID-19, extraordinary and compelling reasons do not exist for his release because he does not have a particularized risk of contracting COVID-19 at FCI Fort Dix.  As of March 28, 2023, there is one (1) active inmate case and two (2) active staff cases of COVID-19 at the facility.[5]  Smith's risk of exposure to COVID-19 in the BOP is therefore very low.  Thus, the combination of Smith's medical conditions and the environment at FCI Fort Dix are not an extraordinary or compelling reason for his release.

**C.   Dangerousness**

The Government opposes a reduction of Smith's sentence because he is dangerous [ECF No. 28 at 5].  According to policy statement § 1B1.13, the Court's compassionate release inquiry should consider whether the defendant is a danger to the safety of any other person or to the community.  U.S.S.G. § 1B1.13.  But the Fourth Circuit has expressly held that, in cases such as Smith's, policy statement § 1B1.13 is inapplicable.  McCoy, 981 F.3d at

---

[4] CDC, People with Certain Medical Conditions (Feb. 10, 2023) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#:~:text=Having%20heart%20conditions%20such%20as,American%20Heart%20Association%3A%20COVID%2D19   (last visited March 28, 2023).
[5] Federal Bureau of Prisons, COVID-19 Cases, bop.gov/coronavirus/ (last visited March 28, 2023).

284. Thus, the Court will not consider whether Smith's motion should be denied due to his alleged dangerousness pursuant to this policy statement. But, as discussed below, it nevertheless will consider the circumstances of his offense, his criminal history, and the need to protect the public from future crimes, as directed by § 3553(a).

**D.   Sentencing Factors Pursuant to 18 U.S.C. § 3553(a)**

Even if Smith could establish an extraordinary and compelling reason for his compassionate release, the Court must weigh and consider the § 3553(a) factors to determine whether a sentence reduction is appropriate in his case. High, 997 F.3d at 185-86. Any decision to reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) must be consistent with the relevant sentencing factors that require the Court to impose a sentence "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). The relevant considerations under § 3553(a) include the nature and circumstances of the offense, the defendant's history and characteristics, and whether the sentence imposed reflects the seriousness of the offense, promotes respect for the law, deters criminal conduct, and protects the public from future crime. Id.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE [ECF NOS. 23, 24, 30]**

The nature and circumstances of Smith's offenses weigh heavily against his release. On June 21, 1990, Smith and several accomplices committed armed robbery of a West Union Bank in Salem, West Virginia. He entered the bank alone with a sawed-off shotgun and, while brandishing the weapon, directed the customers and employees to lay on the floor. He then held one of the employees at gunpoint and stole $18,897.00. Upon exiting the bank, Smith discharged his shotgun.[6] Only nine days later, Smith and an accomplice returned to the bank for the purpose of again robbing it. He planned to serve as the lookout while his accomplice entered the bank. Only upon finding the bank closed, did Smith and his accomplice abandon this effort.

As the Government points out, Smith's long and violent criminal history also militates against any reduction. At only thirty (30) years old, Smith was a relatively young man when he was sentenced but he had amassed a significant criminal history placing him in criminal history category V. That history includes convictions for grand larceny, receiving stolen property, and armed robbery as well as multiple convictions for battery and issuing worthless checks. Several other charges were pending

---

[6] Notably, one of Smith's accomplices, who was serving as a lookout, discharged his firearm towards a nearby vehicle, endangering the lives of its three passengers.

against him at the time of sentencing, including burglary, grand larceny, aggravated robbery, robbery by presenting a firearm, and attempted murder.

Smith contends that his post-sentencing conduct outweighs his violent crimes and substantial criminal history. The Court disagrees and finds that, on balance, the § 3553(a) factors weigh against reducing his sentence. In reaching this decision, it has noted the fact that Smith has taken advantage of the educational opportunities available to him in the BOP, having completed a substance abuse program and several intensive educational courses. It also has considered that while incarcerated Smith has faced no disciplinary action. But his post-sentencing conduct does not outweigh the seriousness of his offense conduct and his extensive, severe criminal history, which significantly increase his risk of recidivism, and the harm he caused to the community. Nor would a sentence reduction promote respect for the law, deter future criminal conduct, or provide adequate punishment for his offense.

## IV. Other Pending Motions

Also pending before the Court are Smith's motions to appoint counsel, to seal his medical records, and to submit supplemental briefing in support of his motion for compassionate release [ECF Nos. 29, 32, 34]. The Court will address each in turn.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE [ECF NOS. 23, 24, 30]**

After filing his motions for compassionate release, Smith requested counsel to represent him in connection with his motions for compassionate release [ECF No. 29]. Based on the Court's rulings herein, the Court **DENIES AS MOOT** his motion.

Smith also moved the Court to seal his medical records submitted in support of his motions for compassionate release [ECF No. 32]. Because these records have already been filed under seal [ECF No. 31-2], the Court also **DENIES AS MOOT** this motion.

Finally, on December 16, 2020, Smith requested leave to file supplemental briefing in support of his motions for compassionate release [ECF No. 34]. Specifically, he wished to argue that the Fourth Circuit's decision in United States v. McCoy, 981 F.3d 271 (4th Cir. 2020) permitted the Court to consider whether his stacked § 924(c) offenses were an extraordinary and compelling reason for his release. Because the Court has considered the impact of McCoy in ruling on Smith's motions, it **DENIES AS MOOT** his request to supplement.

V.   CONCLUSION

After carefully considering all of Smith's arguments, the Court concludes that even if an extraordinary and compelling reason exists to justify a reduction of his sentence any such reduction would be inconsistent with the § 3553(a) factors. It therefore **DENIES WITHOUT PREJUDICE** his motions for compassionate release

12

[ECF Nos. 23, 24, 30]. It also **DENIES AS MOOT** Smith's motion for motions to appoint counsel, seal his medical records, and submit supplemental briefing [ECF Nos. 29, 32, 34].

It is so **ORDERED.**

The Clerk shall transmit copies of this Order to Smith, via certified mail, return receipt requested, and to counsel of record and all appropriate agencies by electronic means.

DATED: March 31, 2023

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA